UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR JENKINS #11-29899,

                Plaintiff,                No. 12-13798

vs.                                                           Hon. Gerald E. Rosen

BEAUMONT GROSSE POINTE
MEDICAL CENTER, et al.,

                Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on August 30, 2012

    PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

Plaintiff James Arthur Jenkins has been granted leave to proceed with this matter *in forma pauperis.* In his *pro se* Complaint, Jenkins is suing Beaumont Grosse Pointe Medical Center (the hospital), Nora Perkins, a nurse at the hospital, and an unidentified hospital administrator for injury to his shoulder which he claims to have sustained on July 28, 2010 when was at the hospital for physical therapy. Jenkins, who at the time was not incarcerated,[1] claims that on that day Nurse Perkins grabbed him by his left arm

---

[1] Plaintiff states that he was on parole at the time of his alleged injury. He was subsequently arrested for violating his parole and was incarcerated on December 14, 2011.

and yanked him from his bed.

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Having reviewed Plaintiff Jenkins' complaint in this action, the Court concludes that the complaint fails to state a claim upon which relief may be granted. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Only those acting "under the color of law" may incur liability under 42 U.S.C. §1983. The protection afforded by the Fourteenth Amendment does not extend to private acts and conduct. *National Collegiate Athletic Assoc. v. Tarkanian*, 488 U.S. 179, 191 (1988). A private

party may be deemed to be a "state actor" only if the party's actions are "fairly attributable to the state." *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) ("To determine whether a party's action constitutes state action, we ask whether the party's action 'may be fairly attributable to the state.'"). Section 1983's purpose is to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (quoting *United States v. Classic*, 313 U.S. 299 (1941)).

Even though a private entity may receive large amounts of public funding, and receive clients through state agency referrals, those elements do not necessarily make the private entity a state actor. In *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), a private nonprofit entity, was sued under §1983 for allegedly improperly discharging employees. In that case, the plaintiffs alleged that the state significantly influenced a private school, enough to find the discharge of employees a state action. The students at New Perspectives were generally there by referral from the state, the school received 90 percent of its operating budget from public funds, and the majority of contracts the school entered into were with government agencies. *Id*. at 831-34, 840-42. The school was also required to comply with various local and state regulations to be eligible for public funds, but no person on its board of governors was a state employee or appointed by the state, and the school could refuse to accept any student. *Id*. In that case, the Court held that the school was not a state actor. *Id*. at 841-42. The Court rejected the argument that the school was a state actor because of the receipt of public funding. The Court also stated that while there were regulations and contracts with the state regarding the acquiring of students, there was no evidence that those regulations coerced, controlled, or influenced decisions to discharge employees. *Id*.

Plaintiff Jenkins has not shown that he was deprived of a federal right nor has he shown a deprivation caused by a person acting under color of state law.  His claim, if any, at best sounds in medical malpractice or ordinary negligence or intentional tort (assault and/or battery).   No constitutional or federal statutory right is implicated.  Further, no state actors are involved.  Beaumont Medical Center is not a state institution and neither Nurse Perkins nor the hospital's administrator are state employees.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a cognizable claim under 28 U.S.C. § 1983.

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith.  Therefore, leave to appeal *in forma pauperis*, will be DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  August 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2012, by electronic and/or ordinary mail.

s/Shawntel Jackson for Ruth A. Gunther
Case Manager